The People of the State of Illinois, Plaintiffs-Appellees, v. Clarence Rohwedder, Defendant-Appellant.

Gen. No. 67–116.

Fifth District.

January 30, 1969.

Rehearing denied March 10, 1969.

2

Cohn, Cohn & Korein, Saul E. Cohn, and Joel A. Kunin, of East St. Louis, for appellant.

John M. Karns, Jr., State's Attorney of St. Clair County, of Belleville (Joseph B. McDonnell, Assistant State's Attorney, of counsel), for appellee.

EBERSPACHER, J.

The defendant, Clarence Rohwedder, together with two codefendants, was indicted by the Grand Jury of St. Clair County for the offense of burglary in violation of c 38, § 19-1, Ill Rev Stats 1967. The trial of the defendant and one of the codefendants commenced on May 22, 1967. After the jury had been selected and sworn the codefendant entered a plea of guilty. The trial of the defendant resulted in the jury returning a verdict finding the defendant guilty. The defendant has appealed from the judgment upon that verdict.

The defendant raises three issues in his appeal. The first is whether the trial court erred in dismissing a juror after that juror had been accepted by both the State and the defendant. The second issue is whether the trial court correctly denied the defendant's request for additional peremptory challenges, and the third issue is whether the trial court ruled correctly as to the admission of certain evidence.

From the record it appears that during the voir dire examination of the first panel of four veniremen, one of the veniremen was asked, among other things, whether she was acquainted with the two defendants being tried. The venireman stated that she was not and was subsequently accepted together with three other veniremen. In choosing the first panel of four, the defendants exercised three peremptory challenges.

3

The parties then proceeded to the selection of the next panel of four jurors. In selecting the second panel the defendants exercised eleven of their peremptory challenges and accordingly had used fourteen of their allotted 20 peremptory challenges in accepting their first eight jurors. The court then recessed for the day.

At the beginning of the second day of trial a conference was held between the court and counsel at which time the court stated:

> "At approximately 4:30 p. m., May 22, 1967, a juror by the name of Mrs. Golec (a juror in the first panel of four), after the Court had recessed for the day, counsel and defendants were no longer before this Court, Mrs. Golec stated to the Court that after observing one of the defendants, not naming which defendant it was, she realized that she knew this defendant by reason of the fact that he either worked or she had seen him in one of the places of her employment and that the reason that she did not recognize him after having observed said defendant from approximately 9:30 a. m. to approximately 3:00 p. m. in the afternoon was that he was clothed differently than she generally saw him clothed."

The court then indicated that it was going to discharge the juror after the selection of the entire jury. Defense counsel for both the defendants objected to this procedure and moved for a mistrial. The State's Attorney thereafter suggested that the juror be discharged immediately. Again defendants moved for a mistrial and the court denied their motion. Mrs. Golec was placed in the jury box and questioned in open court. She stated that she knew one of the defendants and had not spoken to any prospective jurors concerning the fact that she knew one of the defendants. The court thereupon dismissed her. After her dismissal, defense counsel object-

4

ed and renewed his motion for a mistrial. Again, the motion was denied.

In selecting a replacement for Mrs. Golec, defense counsel asserted four of their peremptory challenges.

The court thereafter began the process of selecting the final four jurors to fill the panel. After the State accepted and tendered four veniremen, the defense counsel exercised their last two peremptory challenges. At this juncture, they moved for additional peremptory challenges for the purposes of completing the panel. The court denied defendant's motion. Thereafter, the final two jurors were selected without challenge.

After the selecting of the jury, the codefendant withdrew his plea of not guilty to the indictment and entered a plea of guilty.

The defendant here, as in the court below, argues that he was denied a fair and impartial trial by the court's action of excusing on its own initiative a juror after she had been accepted by both parties.

It is apparent that the trial court was confronted with an unusual situation calling for the exercise of sound judicial discretion. It should be noted that the subject was first initiated by the trial judge in an obvious effort to acquaint counsel with a fact that a juror previously accepted by both sides had communicated to him information different from that given by the juror under oath prior to her acceptance. Clearly there were no grounds upon which a mistrial could have been declared as insisted by the defendant and no suggestion was made that any prejudice was made against either the People or the defendants. The juror had not indicated which defendant was known to her or whether the fact of that acquaintance would affect her ability to impartially decide the case. She later confirmed that she had not spoken to any other juror concerning the fact that she knew one of the defendants.

5

■ It is clear from the record that the Court was endeavoring to reach a satisfactory solution to a unique problem. Certainly the defendant cannot reasonably contend that the trial judge should have adopted the simple expediency of declaring a mistrial for no cause appeared in the record for such action.

■ ■ In the present case the trial court sought to deal with an accepted juror who informed the court that she had made certain misrepresentations, although apparently unintentional, to the court and counsel during the voir dire examination. These circumstances are clearly distinguishable from the case cited to us by the defendant where the court arbitrarily discharged jurors accepted by the defendant where they had stated that they had a preconceived notion as to the guilt or innocence of the defendant as in Van Blaricum v. People, 16 Ill 364 (1855). Here the record does not reflect what, if any, prejudice was held by the excused juror and the action of the trial court, as disclosed by the record, was arbitrary; but the record does not reflect that defendant was prejudiced by the procedure followed. A proper approach would have been for the court to allow the parties to reexamine the juror and then to have considered any challenges for cause or the use of peremptory challenges by either party. Although the defendants, after 10 jurors were selected, had exhausted all of their peremptory challenges, there is no showing that any objectionable juror was forced upon the defendants. For the same reason the court correctly denied the defendant's request for additional challenges. People v. West, 80 Ill App2d 59, 225 NE2d 397 (1967).

We turn next to the defendant's contention that certain testimony was improperly admitted. The first evidence complained of by the defendant concerns the testimony of the arresting officer as to the arrest of the codefendants as well as the defendant.

It appears from the record that three police officers of the East St. Louis Police Department went to an appliance store in East St. Louis, Illinois, during the early morning hours of October 2, 1966, which was the scene of the alleged burglary. They testified that they had observed a hole in the wall of the building of the appliance store; that they saw practically all of the television sets and other appliances had been moved into a vacant office adjacent to the appliance store; and that they further saw an Avis Rental truck-van parked adjacent to the door of the vacant building. They further testified that they searched the building and that during their search observed an unidentified individual going up some stairs. The remainder of their testimony dealt with their search of the premises and the adjoining buildings in which three individuals, including the defendant, were apprehended. The portion of the testimony objected to by the defendant was the testimony concerning the description of the individuals other than the defendant. The basis of the objection of the defendant was that the description given in the testimony fit the description of the defendant's codefendant, who initially was being tried with the defendant but had entered a plea of guilty after the jurors had been sworn. The defendant urges that this testimony was immaterial and highly prejudicial to the defendant.

█ The evidence was prejudicial to defendant in that it was designed to induce a verdict of guilty, but was material and relevant. The jurors hearing the case were entitled to hear the totality of the circumstances surrounding the alleged offense and the apprehension and arrest of the parties in the premises. The fact that the defendant's codefendant was arrested at the same time as the defendant and pled guilty during the course of the trial does not make the circumstances surrounding his arrest immaterial as to the trial of the defendant. The fact that one of the codefendants pleads guilty certainly does not change the facts of the case.

7

■ ■ The defendant also objected to the evidence introduced that the rented truck parked adjacent to the building was not connected to the offense. The truck rental agent testified that he rented this particular truck on the evening of the offense to a male Negro and that this was the same truck that was found parked adjacent to the burglarized building, although there was no evidence that any of the persons arrested were the ones that had rented the truck other than that one of the codefendants was a Negro male. We believe that the evidence was properly received as another circumstance in showing an intent to commit the offense of burglary. The very fact that a rented truck is found standing at the scene of a burglary in our opinion is relevant as a circumstance to show such an intent, at least on the part of someone, to commit that offense.

■ It is not necessary that each link in the chain of circumstantial evidence be proved beyond a reasonable doubt, if the evidence as a whole leaves no reasonable doubt as to the defendant's guilt. People v. Darr, 262 Ill 202, 104 NE 389 (1914).

■ In our opinion the jury was fairly and impartially constituted and that the evidence produced at trial overwhelmingly proved the defendant guilty beyond a reasonable doubt of the offense for which he was charged and that the conviction should be affirmed.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.