The People of the State of Illinois, Plaintiff-Appellee, *v.* Danny Peterson *et al.,* Defendants-Appellants.

(No. 71-279;

Fifth District—October 22, 1973.

Robert E. Farrell, Deputy Defender, of Mt. Vernon, for appellants.

Robert H. Rice, State's Attorney, of Belleville, (James W. Jerz and Martin Moltz, both of Model District State's Attorneys Office, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

In a jury trial in the Circuit Court of St. Clair County the defendants were found guilty of attempt murder and attempt robbery. Defendant, Danny Peterson, was sentenced to three years on probation conditioned upon serving the first six months in the county jail. Defendants, Riggins and Braggs, were each sentenced to the penitentiary for concurrent terms of 5 to 12 years on attempt murder and 5 to 10 years on attempt robbery. In this appeal it is contended that defendants were denied the right to trial by a fair and impartial jury; that they were not proven guilty beyond a reasonable doubt; that the State failed to prove the essential elements of either attempt murder or attempt robbery; that the final argument by the prosecutor was so prejudicial as to deny defendants a fair trial; and finally, that the sentences imposed were excessive.

We shall not review the facts relating to the crimes charged because, in our opinion, the jury question requires a reversal and remand for new trial.

Immediately after the jury had been selected and sworn in, defense counsel brought to the court's attention that one of the jurors had approached him in the hall and stated that she "was praying that the defendants will plead guilty" so she could go home. He then orally moved that this juror be relieved from service on the jury. The prosecutor com-

mented that the juror may have made the statement in a facetious manner, but that if the court wanted to inquire he would have no objection. He added that he thought the juror was the one who indicated that this had happened in the last case she served on. The record shows no further discussion other than a summary denial of the motion by the court. However, the record does show that an alternate juror had been chosen and was available for service.

The State's brief devotes little time to this question. It merely contends that the juror's statement was obviously made in jest; that it may have been in poor taste, but that it hardly warrants a reversal; and that it did not warrant an inquiry on the part of the trial judge to determine the juror's attitude because her impartiality had already been determined during the voir dire. We cannot agree. The State's conclusion that the remark was made in jest is pure conjecture. The record contains no information upon which to base that judgment. If conjecture is to be engaged in the remark could just as well be construed as indicating a belief in defendants' guilt and a hope that they would plead guilty so that she could go home and not waste her time. The difficulty is that the remark itself vitiates any previous conclusion made as to impartiality on voir dire, and, without further inquiry, there was no way for the trial court to make a sound judgment on her present state of mind. It is this failure to inquire that, in our opinion, constitutes the error.

The opinion in *People v. Cox,* 74 Ill.App.2d 342, is supportive of this conclusion. In that case, while a trial for robbery was in progress, a newspaper printed an article that appeared to be highly prejudicial to defendant. Counsel's motion to inquire of the jury as to whether they had read the article was denied. On review such refusal to inquire was held reversible error. The court stated that though no prejudice was affirmatively shown, nonetheless it was clearly the duty of the trial court, when alerted, to determine whether the article contained improper matter, whether it was read, and whether its reading would or could affect the verdict. It stated further that the determination to be made by the trial court called for the exercise of a sound judicial discretion, and that an inquiry of the jury was at least a condition essential to the exercise of a sound discretion, and that due process ought not hang in balance on the conjecture that no harm was done.

We believe that in the case before us it was likewise imperative that the determination of the impartiality of the juror here in question should not have been allowed to hang in balance on conjecture when inquiry could have resolved the issue and, if necessary, an alternate juror could have been seated.

Faced with a similar question in *People v. Cravens,* 375 Ill. 495, the

court held that it was error to deny an accused a new trial when it was subsequently discovered that one member of the jury, before being selected, had been heard to say in reference to the defendant that "It is coming to him sooner or later." The court stated that great care must be exercised to preserve a defendant's constitutional right to a speedy trial by an impartial jury and that to be qualified a juror must come into the case with a mind uncommitted on the question of guilt or innocence and wholly free from even the. suspicion of bias. It was further stated that though the remark itself was not conclusive proof of a fixed opinion or of prejudice toward defendant,. nonetheless it gave evidence of the juror's unfavorable opinion of the accused and strongly indicated a condition of mind which would tend to prevent his being an impartial juror.

For the reasons stated the judgment of the Circuit Court of St. Clair County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

G. MORAN, P. J., and JONES, J., concur.