THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KELVIN E. LEWIS, Defendant-Appellant.

Fifth District    No. 77-373

Opinion filed May 9, 1979.

Michael J. Rosborough and Rafael Schwimmer, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville, and Paul Waller III, law student, for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Defendant-appellant Kelvin E. Lewis was convicted of attempt murder after a jury trial in the Circuit Court of St. Clair County and was sentenced to a term of 4 to 12 years imprisonment.

On appeal, the defendant contends that he was denied a fair trial by the trial court's failure to instruct the jury as to the elements of the offense of murder and by the court's dismissal, on its own motion, of a prospective juror. Further, the defendant contends that the court acted under a misapprehension of law in imposing sentence.

At trial, the defendant admitted shooting the complaining witness with a shotgun, but attempted to interpose the defense of justifiable use of force—that is, self-defense. Suffice to say for present purposes that the testimony indicated that the shooting was the culmination of several prior

confrontations between the victim and the defendant. It was undisputed that the victim was unarmed at the time of the shooting; however, the defendant testified that he believed that a third person standing near the victim was pointing a gun at him when he began to fire the shotgun.

The jury was instructed that the State had to prove the following propositions to sustain the charge of attempt murder: that the defendant performed an act which constituted a substantial step toward the commission of the crime of murder; that he did so with intent to commit murder; and that he was not justified in using the force which he used. No instruction defining the offense of murder was tendered by either defense counsel or the State.

The defendant urges here that the interests of substantial justice require that we find error in the trial court's failure, *sua sponte*, to instruct the jury as to the definition of murder. Had the jury been properly instructed, the defendant argues, he might have been acquitted on the ground that he did not intend to kill his victim.

It is now settled that a specific intent to kill is necessary to sustain an attempt murder charge. (*People v. Trinkle* (1977), 68 Ill. 2d 198, 369 N.E.2d 888.) We find nothing in the record before us, however, as much as suggesting that this jury could have believed that anything less than an intent to kill would satisfy the State's burden. From the time of the State's opening argument, the jury had been told that the State had to prove that when the defendant shot at his victim "he meant to kill him." The instruction given (IPI Criminal No. 6.07) informed the jury that to convict the defendant it must find that his acts were performed "with intent to commit the crime of murder." We do not think that the jury could reasonably have construed this language other than as the equivalent of requiring a finding of intent to kill.

■■ Finding no plain error in the court's failure to give the instruction on its own motion, we hold that this issue was waived by the defendant's failure to tender such an instruction and raise the issue in his post-trial motion. (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a); *People v. Parks* (1976), 65 Ill. 2d 132, 357 N.E.2d 487; *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856). We cannot say that "the definitional instruction omitted was so basic to the given instruction * * * that failure of the trial court to *sua sponte* give it resulted in an unfair trial." *People v. Underwood* (1978), 72 Ill. 2d 124, 130-31, 378 N.E.2d 513.

The prospective juror whose dismissal is complained of by the defendant stated on voir dire that he had seen the defendant prior to the trial, that he had friends on the East St. Louis police force, that his son was an attorney in Chicago, and that he himself had once been the victim of a robbery. Despite the venireman's statement that none of these facts would prevent him from being a fair and impartial juror, the court

decided on its own motion to excuse him, over defense counsel's objection. The defendant asserts that the court's action in excusing this venireman was arbitrary and against the manifest weight of the evidence. ■■ As our supreme court stated in *People v. Cole* (1973), 54 Ill. 2d 401, 414, 298 N.E.2d 705, 712, "The determination of whether or not the prospective juror possesses the state of mind which will enable him to give an accused a fair and impartial trial rests in the sound discretion of the trial judge." We can find no abuse of discretion nor determination against the manifest weight of the evidence here. Further, the defendant here makes no contention that the court's excusing of the venireman forced an objectionable juror upon him. See *People v. Rohwedder* (5th Dist. 1969), 106 Ill. App. 2d 1, 245 N.E.2d 282.

Finally, the defendant contends that the trial court's minimum sentence of 4 years was based on an erroneous belief that the mandatory minimum for the offense of attempt murder was 4 years, citing *People v. Moore* (1978), 69 Ill. 2d 520, 372 N.E.2d 666. Here, however, there was no statement by the trial judge, as there was in the *Moore* case, that there was a mandatory 4-year minimum sentence. In fact, at the sentencing hearing the attorney for the defendant correctly stated that there was no such mandatory minimum. We find no abuse of discretion in the sentence imposed.

For the foregoing reasons, the judgment and sentence of the Circuit Court of St. Clair County are affirmed.

Affirmed.

MORAN, P. J., and JONES, J., concur.