THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MARSHALL MITCHELL III, Defendant-Appellant.

Second District   No. 82—77

Opinion filed February 1, 1984.—Rehearing denied February 23, 1984.

G. Joseph Weller and Michael Braun, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert Morrow, State's Attorney, of Geneva (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

The defendant, Marshall Mitchell III, appeals from his conviction and sentence for the offense of burglary (Ill. Rev. Stat. 19779, ch. 38, par. 19—1(a)). His first contention on appeal is that his conviction must be reversed and the cause remanded to the trial court because

the trial judge abused his discretion by denying a defense motion to reopen *voir dire* as to one of the jurors.

We agree.

During *voir dire,* juror Thomas J. Maloney was asked by the court "have you ever been a victim of a crime?" to which he responded, "No, I haven't." After the first panel, of which Maloney was a member, had been accepted and sworn, defense counsel first learned of the existence of a list of background information on the prospective jurors in the State's possession. The State agreed to furnish a copy of that document to the defense, and defense counsel's review of it revealed that Maloney had been the "Victim of Burglary" on or about December 13, 1975. The defendant's motion to reopen *voir dire* of Maloney "simply to inquire about the nature of that incident and its effect on him" was denied on the basis that "it was not prejudicial."

*People v. Kurth* (1966), 34 Ill. 2d 387, *People v. Peterson* (1973), 15 Ill. App. 3d 110, and *People v. Rohwedder* (1969), 106 Ill. App. 2d 1, all support the proposition urged by the defendant that, where information showing prejudice or potential prejudice of a seated juror is brought to the attention of the court during or immediately after *voir dire,* the proper procedure would be further inquiry by the court (*People v. Peterson* (1973), 15 Ill. App. 3d 110, 111) or re-examination (*People v. Rohwedder* (1969), 106 Ill. App. 2d 1, 6) or interrogation (*People v. Kurth* (1966), 34 Ill. 2d 387, 391) of the juror. In *Kurth* and *Peterson* the court found that it was reversible error to foreclose such inquiry or interrogation and remanded the cause for a new trial. In *Rohwedder,* the court dismissed the juror, which the appellate court upheld but observed that the proper approach would have been to allow the parties to re-examine the juror and then to have considered any challenges for cause or the use of peremptory challenges by either party. The State would distinguish these cases on the basis that the information casting doubt on the jurors' impartiality in these cases came from the jurors themselves, whereas here the information came from a list of theirs which, they maintain, is unreliable.

However, as the defendant points out, the right to a jury trial guarantees to one accused of a crime a fair trial by a panel of impartial jurors (*People v. Cole* (1973), 54 Ill. 2d 401, 411; *People v. Oliver* (1977), 50 Ill. App. 3d 665, 672), and the purpose of *voir dire* examination is to permit counsel to ascertain whether the minds of prospective jurors are free from bias and prejudice (*People v. Witted* (1979), 79 Ill. App. 3d 156, 164). Limitation of such examination constitutes reversible error where its effect is to deny a party a fair opportunity to probe an important area of potential bias or prejudice among pro-

spective jurors. (*People v. Pitts* (1982), 104 Ill. App. 3d 451, 456.) Here the defendant was tried for the offense of burglary by a jury which included a member who may have very well been a victim of a burglary, which, it appears obvious, is an important area of potential bias or prejudice to be probed. Whether the information was true (reliability of the report) and, if so, whether it would affect Maloney's impartiality were allowed to hang in the balance on conjecture when inquiry could have resolved the issue and, if necessary, another juror could have been seated. See *People v. Peterson* (1973), 15 Ill. App. 3d 110.

In support of its position the State relies on this court's recent decision in *People v. Witte* (1983), 115 Ill. App. 3d 20, for the proposition that, when the prejudice of a juror is alleged in a motion for a new trial, distinct evidence of bias must be offered, and the allegations must be specific, detailed and nonconjectural.

In *Witte*, the juror, who became jury foreman, allegedly concealed the fact that he had acquaintances and friends employed by the sheriff's department by not coming forward when the court specifically posed that question to the jury as a group. The defendant in that case did not learn of facts which might support a finding of juror partiality until after the verdict. In such a case, a defendant needs to show (1) that the juror answered falsely and (2) that actual prejudice resulted. *Pekelder v. Edgewater Automotive Co.* (1977), 68 Ill. 2d 136.

■■ However, *Kurth, Peterson* and *Rohwedder* indicate that where, as here, *voir dire* was still in progress or just completed, an inquiry is called for where facts contradicting the answers given on *voir dire* come to the attention of the trial court. Considerations of logic, judicial economy and fair trial support this proposition. A limited inquiry of the nature suggested by the defendant at that juncture would have satisfied the purpose of *voir dire* to expose potential bias or prejudice, it would have resulted in only a minor delay in the process of jury selection, and it would have resolved the issues of the truth or falsity of the report that the juror had been a burglary victim and the effect that such involvement would have on his impartiality.

Also, defendant's allegations were specific, detailed and nonconjectural. On *voir dire* Maloney denied being the victim of a crime, but the State's report showed that he was a burglary victim on or about December 13, 1975. This is both specific and detailed. In contrast to *Witte*, the possibility of prejudice resulting from having been the victim of the same type of offense for which defendant stands accused is far less conjectural than that arising from having friends or acquaintances employed by the local police force, and defense counsel here,

unlike *Witte,* did not knowingly accept other jurors whose background disclosed the same alleged infirmity for which objection is being taken to this juror.

We conclude that the court abused its discretion in refusing to reopen *voir dire* of juror Maloney for the limited purpose of inquiry into this incident. Even if evidence of defendant's guilt was sufficient, issues involving the right to a fair trial by a panel of impartial jurors cannot be disposed of by the harmless error rule (*People v. Cole* (1973), 54 Ill. 2d 401, 411; *People v. Oliver* (1977), 50 Ill. App. 3d 665, 673). Reversal of defendant's conviction is required.

The State argues that even if reversal is necessary, a new trial is not mandated but rather a limited remand for an evidentiary hearing is proper, citing *People v. Witte* (1983), 115 Ill. App. 3d 20. However, as discussed previously, in *Witte* the potential prejudice was first raised after verdict. Here, as in *People v. Kurth* (1966), 34 Ill. 2d 387, the issue was raised during *voir dire,* and the remedy in that case was remand for a new trial. Reversal and remand for a new trial are likewise warranted here.

Having reached the conclusion that the matter must be reversed and remanded for a new trial, we need not reach the other issues raised by defendant, as they relate to matters which probably will not arise on a second trial (see *People v. Kurth* (1966), 34 Ill. 2d 387, 391).

Reversed and remanded.

UNVERZAGT and LINDBERG, JJ., concur.