THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
FIDEL CASTRO, Defendant-Appellant.

Second District    No. 2—85—0082

Opinion filed August 28, 1986.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's
Office, of Elgin, for appellant.

Robert Morrow, State's Attorney, of Geneva (Kenneth Boyle, of State's
Attorneys Appellate Prosecutor, of Springfield, and William L. Browers, of
State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Fidel Castro, appeals his conviction for attempted
burglary. (Ill. Rev. Stat. 1983, ch. 38, pars. 8—4, 19—1.) He claims
he was denied a fair trial by the trial court's allowance of the
State's peremptory challenge of a juror after the juror had been ac-
cepted and sworn.

Defendant was arrested in connection with a break-in at Fox Val-

ley Fence in South Elgin on June 26, 1984. Trial began on November 13, 1984, with jury selection. Two panels of four were accepted and sworn before lunch. The second panel included Sandra Swimley. During *voir dire*, Swimley had indicated that her stepson, Dwayne Swimley, had formerly been arrested in a connection with a burglary but she was not familiar with the details of that case. During the lunch recess, the prosecutor learned that Dwayne Swimley's involvement with law-enforcement officials had been somewhat more extensive than Sandra Swimley had indicated. Based on this representation of the prosecutor, the trial court held a hearing in chambers at which Sandra Swimley and Robert Cannon, a detective with the Kane County sheriff's police, testified. At the hearing it was revealed Dwayne had been charged at least four times with felony theft and Sandra Swimley had been contacted several times by the police in regard to Dwayne's whereabouts. Dwayne did not live with his stepmother, however, and she maintained no contact with him.

The trial court refused to dismiss Swimley for cause, but allowed both parties an opportunity to make a peremptory challenge which the State accepted. Defendant eventually was convicted of attempted burglary and sentenced to 30 months' intensive probation.

■ On appeal, defendant contends that he was denied a fair trial because of the State's belated peremptory challenge of juror Swimley. Initially, we note that in general a party does not have a right to a peremptory challenge after the juror has been selected and sworn. (*People v. Scheidt* (1983), 113 Ill. App. 3d 632, 637; *People v. Manns* (1971), 1 Ill. App. 3d 871, 876, *cert. denied* (1972), 409 U.S. 857, 34 L. Ed. 2d 102, 93 S. Ct. 139.) The facts of *People v. Watson* (1982), 103 Ill. App. 3d 992, are quite similar to those of the present case. In *Watson*, after a particular juror had been selected and sworn, the prosecutor began to have doubts about the accuracy of some of his answers during *voir dire*. The trial court held a hearing at which it developed that the juror's prior criminal record was much more extensive then the single traffic offense mentioned during *voir dire*. The trial court then allowed the State to make a peremptory challenge. The appellate court found this procedure to be erroneous, but harmless error. 103 Ill. App. 3d 992, 997-98.

This court, however, in *People v. Mitchell* (1984), 121 Ill. App. 3d 193, held that where information tending to contradict a sworn juror's answers at *voir dire* comes to the court's attention, additional inquiry is required, and failure to reopen the *voir dire* constitutes reversible error. (121 Ill. App. 3d 193, 195-96.) Following such inquiry, the court should consider challenges for cause or peremptories

by either party. *People v. Rohwedder* (1969), 106 Ill. App. 2d 1, 6.

Defendant disputes that Mrs. Swimley's answers at the subsequent hearing actually contradicted her responses on *voir dire*. Although she initially underestimated the degree of her stepson's involvement with the law, she always admitted that she did not have any contact with Dwayne and that she did not know the details of the investigation of him. She maintained that the investigation of Dwayne would not affect her ability to be fair and impartial.

We think the additional inquiry was warranted. Testimony at the hearing tended to show that Dwayne's contact with the police was greater than indicated, and that Mrs. Swimley was contacted by the police on several occasions regarding Dwayne's whereabouts. Where potential bias of a juror is alleged, it does not matter whether the juror's misrepresentations were intentional or not. (*People v. Oliver* (1977), 50 Ill. App. 3d 665, 674.) In addition, the new information need not rise to a level which would justify a challenge for cause. (*People v. Robinson* (1984), 121 Ill. App. 3d 1003, 1013; *People v. Rohwedder* (1969), 106 Ill. App. 2d 1, 6.) Here, the additional information adduced at the hearing tended to cast Mrs. Swimley's *voir dire* answers in a different light, and had it been known to the State originally, might have prompted it to exercise a peremptory challenge. The court therefore did not abuse its discretion by permitting the parties that opportunity.

Defendant argues that allowance of the State's belated peremptory somehow prejudiced defendant's peremptory right, in contravention of the holding in *Swain v. Alabama* (1965), 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824. We fail to see how giving both parties an opportunity to challenge the juror after the additional information had come to light could have prejudiced defendant's peremptory right or given the State an "unfair advantage." The right secured by *Swain* is that each party have a fair opportunity to detect bias and an equal opportunity to challenge a juror. (*People v. Moss* (1985), 108 Ill. 2d 270, 276.) Such an opportunity was provided in this case.

Finally, assuming, *arguendo*, that the trial court erred in determining that the additional information adduced at the hearing warranted an opportunity to exercise a peremptory challenge, such error was harmless beyond a reasonable doubt. No claim is made that a biased juror actually sat. (*People v. Watson* (1982), 103 Ill. App. 3d 992, 997.) The right to an unbiased jury does not mandate the right to have a particular person sit on the jury. (103 Ill. App. 3d 992, 997-98.) Defendant has failed to demonstrate any prejudice resulting from the replacement of one unbiased juror with another.

For the foregoing reasons, defendant's conviction for attempted burglary is affirmed.

Affirmed.

NASH, P.J., and REINHARD, J., concur.